

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR DANTZLER | CIVIL ACTION |
| VERSUS | NO: 00-0408 |
| CITY OF HAMMOND | SECTION: "G"(1) |

### REPORT AND RECOMMENDATION

On February 9, 2000, plaintiff filed his complaint alleging employment discrimination based on race and national origin and seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and the Civil Rights Act. Because the record contained no appearance by the defendants and no evidence of service of the complaint, plaintiff was ordered to appear before this Magistrate Judge on May 24, 2000, to report on the status of the case. Prior to the hearing counsel for the plaintiff advised the undersigned that he was in the process of serving the defendants and the hearing was reset for June 7, 2000.

On June 5, 2000 it came to the undersigned's attention that plaintiff had filed a second case against the same defendants alleging the same facts on the docket of this Court [CA 00-0446 "F"(2)]. This was reported to counsel for the plaintiff in this matter, Nelson Taylor. Thereafter there were at least two more conversations with Mr. Taylor, where Mr. Taylor reported he was trying to resolve

DATE OF ENTRY  JUL 1 3 2000

DATE OF MAILING  JUL 1 3 2000

the representation of the plaintiff with his counsel in the other case.

On June 22, 2000, the undersigned ordered that the case be set for July 12, 2000, and that the failure to appear and report on the status of the case would result in a recommendation that the case be dismissed. The undersigned has not received any communication from Mr. Taylor, nor has he appeared to report on the status of the case.

Rule 4(j) provides in pertinent part that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, <u>the action shall be dismissed as to that defendant without prejudice</u>..." Fed. R. Civ. Pro. 4(j) (emphasis added). Under this rule, dismissal is mandatory if timely and proper service is not made unless good cause for the failure is shown by the party who must make service.

As noted above, plaintiff filed his complaint on February 9, 2000. The 120-day deadline under Rule 4(j) of the Federal Rules of Civil Procedure for proper service of process passed on June 10, 2000. Because the record contains no evidence of service of the complaint and because plaintiff's counsel has not shown good cause for this failure to serve the defendants timely, plaintiff's complaint should be dismissed without prejudice pursuant to Rule 4(j).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 12 day of July, 2000.

SALLY SHUSHAN
United States Magistrate Judge

3